By the Court.
May 1, 1860, a debtor, the head of a family, being the owner of a house and lot occupied by himself and family, the only real estate he owned, and not exceeding five hundred dollars in value, leased the same, by a written agreement, for one year, and went with his family to another county of the state for temporary purposes.
May 12, 1860, the creditor of said debtor obtained judgment against him before a justice of'the peace.
June 5, 1860, an execution issued out of the court of common pleas on a transcript of the judgment filed therein.
June 25, 1860, the execution was levied on the house and lot, and, on demand of the debtor, the same were regularly set off to him as a homestead, under the act of March 23, 1850,. “ to exempt the homestead of families from forced sale on execution to pay debts.” S. & C. Stat. 1145. Neither the debtor nor any of his family occupied the premises at the time the homestead was set off, but they were still absent in the other county to which they had gone for temporary purposes.
Afterward the sheriff, upon being indemnified by the creditor, proceeded to advertise the homestead premises for sale under the execution.
July 3, 1860, the debtor obtained a provisional injunction,, on a petition filed by him in the court of common pleas against the creditor and the sheriff, restraining them from any further proceedings against' the homestead.
In November, 1860, the lessee abandoned the lease, at the request of the debtor, who resumed possession of the premises and continued in their exclusive occupancy as a homestead.
At the October term, 1860, of the court of common pleas, to-wit, in November, 1860, the injunction was made perpetual,, and the creditor appealed to the district court, in which the; *432 case was reserved at the September term, 1861, on a special finding of the facts, to this court for decision.
F. Q-. Lewis, for plaintiff.
TIpham § BlocJcsom, for defendants.
Held: 1. The debtor did not lose his right to have the homestead set off to him, by leasing the premises for the year, and going, with his family, to another county for temporary purposes.
2. The homestead having been regularly set off under the statute, “ no further proceedings ” can be had against it while the right to the homestead so set off continues.
3. The question, as to whether a homestead set off under the statute, has, subsequently, become subject to “further proceedings” against it, should be first presented to, and ■determined by the court under whose process such proceedr -ings are sought, before the same are had.
Injunction made perpetual.